IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17cv5

| | |
|---|---|
| ELIZABETH M.T. O'NAN, ) </br> ) </br> ) </br>  Plaintiff, ) </br> ) </br> v. ) </br> ) </br> NATIONWIDE INSURANCE ) </br> COMPANY, et al., ) </br> ) </br> ) </br>  Defendants. ) </br> _____ ) | ORDER |

Pending before the Court is the Motion to Amend [# 60]. Plaintiff moves for leave to amend her Amended Complaint to add additional factual allegations. Defendants object to allowing Plaintiff leave to amend. Upon a review of the record and the relevant legal authority, the Court **GRANTS** the motion [# 60].

**I.  Background**

Plaintiff brought this action in state court asserting a number of claims arising out of the use of a chemical fire extinguisher to extinguish a chimney fire in Plaintiff's home. Defendants removed the action to this Court. Shortly after removing the case to federal court, Defendants moved to dismiss the Complaint.

-1-

Plaintiff then filed an Amended Complaint within the twenty-one days allowed by Rule 15, and the Court denied as moot the Motions to Dismiss. (Order, Feb. 3, 2017, ECF No. 23.) Defendants then filed three new Motions to Dismiss [# 35, # 37, & # 40]. In response to the Motions to Dismiss, Plaintiff filed a motion requesting leave to amend the Amended Complaint [# 60] to add factual allegations addressing the alleged deficiencies in the Amended Complaint raised in the motions. Several days later, Defendants filed an Amended Motion to Dismiss [# 61], as well as two additional Motions to Dismiss [# 63 & # 68]. All of the motions were referred to this Court by the District Court.

**II.     Analysis**

The Federal Rules of Civil Procedure provide that a party may amend its pleading once as a matter of course within twenty-one days of service or twenty-one days after the service of a Rule 12(b) motion if the pleading is one that requires a response. Fed. R. Civ. P. 15(a)(1). After the expiration of the time periods specified in Rule 15(a)(1), however, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id. The United States Court of Appeals for the Fourth Circuit has recognized three situations where a district court may deny leave to

amend: (1) where allowing the amendment would prejudice the opposing party; (2) the moving party acted in bad faith; or (3) where the amendment would be futile. Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). An amendment is futile where the proposed amendment fails to conform to the requirements of the Federal Rules of Civil Procedure. Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011); U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). "Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). Ultimately, the decision whether or not to grant a party leave to amend is up to the discretion of the Court. See New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1164 (4th Cir. 1994).

Upon a review of the record and the parties' pleadings, the Court finds that leave to amend is warranted in this case. First, allowing Plaintiff leave to amend would not prejudice Defendants. The fact that allowing the amendment at such an early stage of the proceeding would moot the pending Motions to Dismiss and require Defendants to invest the time and resources to filing new motions to address any new factual allegations is not the type of prejudice recognized by the Fourth Circuit to warrant denying a plaintiff, especially a *pro se* plaintiff, an

opportunity to add additional factual allegations to her Amended Complaint. In fact, Defendants have not pointed this Court to a single case in support of its assertion that the Court should deny the Motion to Amend because of the alleged prejudicial impact on Defendants.

Second, the Court finds that Plaintiff has not acted in bad faith in moving to amend. Defendants' contention that Plaintiff is attempting to gain some tactical legal advantage over a group of individual and corporate Defendants represented by well- respected counsel by adding additional factual allegations in response to a motion to dismiss, and that this act of requesting leave to amend in an attempt to avoid the dismissal of claims in the Amended Complaint constitutes bad faith that would warrant denying Plaintiff leave to amend, is equally without merit. Put simply, the record is devoid of any evidence of bad faith on the part of Plaintiff that would warrant denying Plaintiff leave to amend.

Finally, the Court cannot say that the inclusion of additional factual allegations would be so futile as to warrant denying Plaintiff one final time to state a claim. Accordingly, the Court **GRANTS** the motion [# 60]. The Court, however, **INSTRUCTS** Plaintiff that it will not allow Plaintiff another opportunity to amend prior to ruling on any motions to dismiss filed by Defendants after Plaintiff amends her Amended Complaint.

## III. Conclusion

The Court **GRANTS** the Motion to Amend [# 60]. Plaintiff shall have fifteen (15) days from the entry of this Order to file a Second Amended Complaint. The Court **INSTRUCTS** Plaintiff that it will not allow Plaintiff another opportunity to amend prior to ruling on any motions to dismiss filed by Defendants after Plaintiff amends her Amended Complaint. The Court **DIRECTS** the Clerk to **DENY as moot** the pending Motions to Dismiss [# 35, # 37, # 40, # 61, # 63, # 68] upon the filing of the Second Amended Complaint by Plaintiff.

Signed: April 13, 2017

Dennis L. Howell
United States Magistrate Judge