UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-CV-5

| | |
|---|---|
| ELIZABETH M.T. O'NAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NATIONWIDE INSURANCE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 20]; Defendants' opposition memorandum, [Doc. 33]; Plaintiff's reply [Doc. 53]; and amendment to Plaintiff's reply [Doc. 54].

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Elizabeth M.T. O'Nan[1] filed this action *pro se* in the General Court of Justice, Superior Court Division, McDowell County, North Carolina, on November 30, 2016, asserting claims of breach of contract and breach of

---

[1] This action was originally filed by Plaintiffs Elizabeth M.T. O'Nan and her daughter, Elizabeth M.S. O'Nan. After removal, on March 24, 2017, on the Plaintiffs' unopposed "Motion to remove Elizabeth M.S. O'Nan as a co-plaintiff," [Doc. 51], which the Court construed as a motion to dismiss, the Court dismissed all claims asserted by Plaintiff Elizabeth M.S. O'Nan without prejudice. [Doc. 72]. Therefore, only Plaintiff Elizabeth M.T. O'Nan remains as a plaintiff in this matter.

1

the duty of good faith and fair dealing against Defendant Nationwide Insurance Company ("Nationwide"); claims of breach of contract, intentional interference with contractual relations, "false promise," and negligence against the Defendants Servpro Industries, Inc., ("Servpro Industries"), Servpro of Marion, and DOES 1 through 50; and a claim of fraud against all of the aforementioned Defendants. [Complaint, Doc. 1-1].

The Plaintiff is and was at all relevant times an individual residing in and a citizen of McDowell County, North Carolina. [Complaint, Doc. 1-1 at ¶ 1]. Although the Plaintiff alleged Defendant Nationwide is a North Carolina corporation, [Complaint, Doc. 1-1 at ¶ 2], Defendant Nationwide, through a Declaration in support of removal by its Associate Vice President and Assistant Secretary, has demonstrated that it is an Iowa corporation with its principal place of business and corporate headquarters in Des Moines, Iowa. [Richards Dec., Doc. 1-5 at ¶ 3].

The Plaintiff alleged Defendant Servpro Industries is a corporation organized and existing pursuant to the laws of the State of Tennessee and "authorized to transact and is transacting business in the State of North Carolina." [Doc. 1-1 at ¶ 3]. Defendant Servpro Industries, through a Declaration by its Assistant General Counsel, has shown that it is a Nevada

corporation with its principal place of business in Gallatin, Tennessee. [Zomek Dec., Doc. 1-1 at ¶ 3].

The third defendant the Plaintiff names in this action she identifies as "Servpro of Marion." She has alleged that "defendant Servpro of Marion was at the time of the complaint a corporation duly organized and existing under the laws of the State of North Carolina and is authorized to transact and is transacting business in the State of North Carolina." [Complaint, Doc. 1-1 at ¶ 4] Defendants dispute the existence of such entity.[2]

This case arises out of an accidental chimney fire in Plaintiff's home in Marion, North Carolina, on December 4, 2013. In extinguishing the fire, the fire department used a chemical that Plaintiff asserts rendered her house "uninhabitable." [Doc. 1-1 at ¶¶ 8, 19; Ex. A to Complaint, Doc. 1-1 at 42]. The Plaintiff reported the loss to her insurance carrier, Defendant Nationwide, and was referred to Defendant Servpro Industries, "Nationwide's Preferred Fire Restoration company," for fire restoration. [Id. at ¶ 10].

---

[2] Plaintiff also undertook to name, but did not identify, certain defendants who are presently unknown. With respect to these Defendants DOES 1 through 50, the Plaintiff alleged, "[t]he true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 50, are unknown to plaintiff[ ], who therefore designate those defendants by these fictitious names…. Plaintiff[ ] will amend this complaint as necessary to allege DOE defendants' identities when the same becomes known to plaintiff[ ]." [Complaint, Doc. 1-1 at ¶ 5]. These parties are not pertinent to the disposition of the present motion.

Defendant Nationwide also specifically referred the Plaintiff to "Servpro of Marion" to request that Servpro of Marion assess the damages and determine if the Plaintiff had a claim. [Id. at ¶ 10]. Servpro of Marion visited Plaintiff's home on December 6, 2013. [Id. at ¶ 11]. Plaintiff further alleges

> In December 2013, Nationwide employees, Mr. Brian L. Maness and Mr. Spencer Gates met at the O'Nan home with the new owner of its Preferred Fire Restoration provider, Servpro of Marion, Mr. John Kuder, whom they stated was a personal friend, to perform cleanup and fire restoration due to dry chemical fire extinguisher residue remediation services in exchange for payment from plaintiffs' insurance benefits.

[Id. at ¶ 82]. According to an attachment to Plaintiff's Complaint, on or around December 9, 2013, Plaintiff and Servpro of McDowell & Rutherford Counties entered into an Authorization to Perform Services and Direction of Payment ("Contract"), which provided for Servpro of McDowell & Rutherford Counties to perform fire restoration services in relation to Plaintiff's December 4, 2013 chimney fire loss. [Ex. D to Complaint, Doc. 1-1 at 117-119]. Plaintiff alleges the Contract was breached.

Even though the Contract states that the "Franchise Legal Name" of the contracting party is "Servpro of McDowell and Rutherford Counties," Plaintiff also alleges by way of attachment that J.L. Kuder Enterprises, Inc., is the entity that does business as "Servpro of McDowell & Rutherford

4

Counties." [Ex. D to Complaint, Doc. 1-1 at 121]. John L. Kuder is the president of and registered agent for that corporation, which is organized and exists pursuant to the laws of the State of North Carolina.[3] On December 8, 2016, John L. Kuder received a copy of the Summons and Complaint that were directed to "Servpro of Marion." [Notice of Removal, Doc. 1 at 2-3].[4]

On January 4, 2017, Defendant Nationwide, with the consent of Defendant Servpro Industries, filed a timely Notice of Removal removing the lawsuit to this Court on the basis of diversity jurisdiction. [Doc. 1]. Defendant Nationwide asserts that the entity "Servpro of Marion" does not exist and, therefore, there is complete diversity between the remaining parties such that removal to this Court is proper. Defendant Nationwide further argues that even if an entity that can be identified as Servpro of Marion does exist and can be substituted as the proper defendant in this matter, the Contract's one-year limitations period bars Plaintiff's claims against such party in any event. [Doc. 1 at ¶ 36].

Thereafter, on February 2, 2017, the Plaintiff filed the present Motion to Remand the case to state court for lack of subject matter jurisdiction,

---

[3] The Court takes judicial notice of these facts, which are recorded and published by the North Carolina Department of the Secretary of State. Fed. R. Evid. Rule 201(b).

[4] Plaintiff served Defendant Servpro Industries on December 5, 2016, and Defendant Nationwide on December 9, 2016. [Notice of Removal, Doc. 1 at 2]

asserting that diversity does not exist between the parties. [Doc. 20]. Based thereon, Plaintiff seeks remand to state court.

## II. STANDARD OF REVIEW

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(a). The Defendants removed this civil action on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), which provides that the federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

When federal-court jurisdiction is predicated on the parties' diversity of citizenship under 28 U.S.C. § 1332, removal is allowed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action was brought." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83-84 (2005) (quoting 28 U.S.C. § 1441(b)). The party seeking removal bears the burden of establishing federal subject matter jurisdiction. Hoschar v. Appalachian Power Co., 739 F3d 163, 169 (4th Cir. 2014).

The removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case

removed from state court], the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). If federal jurisdiction is doubtful, remand to state court is necessary. Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). An order remanding a case for lack of subject matter jurisdiction is not reviewable on appeal. 28 U.S.C. § 1447(d); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) ("[A] remand order based on a lack of subject matter jurisdiction, whether *sua sponte* or not, falls within the scope of § 1447(c) and therefore is not reviewable by a court of appeals.").

The existence of diversity jurisdiction is determined as of the time of removal. Duck Village Outfitters v. Nationwide Mutual Ins. Co., No. 2:14-cv-60-FL, 2015 WL 540149, *2 (E.D.N.C. Feb. 10, 2015) (Flanagan, J.); New Jerusalem Rebirth & Restoration Ministries, Inc. v. Meyer, No. 1:11-cv-312, 2012 WL 2704251, *4 (W.D.N.C. July 6, 2012) (Reidinger, J.); see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-91, 58 S.Ct. 586, 590-91, 82 L.Ed. 845 (1938); see also Porsche Cars. Am., Inc., v. Porsche.net, 302 F.3d 248, 255-56 (4th Cir. 2002). Accordingly, the Court will only consider the facts alleged in the Complaint in determining whether removal was improper.

## III. ANALYSIS

The issue before the Court is whether removal was improper. The burden is on Defendants to establish that it was not. Hoschar, 739 F3d at 169. Defendants argue that the only non-diverse defendant named in the original Complaint, Defendant Servpro of Marion, does not exist and, therefore, Plaintiff cannot establish a cause of action against a non-diverse defendant in state court, making removal proper. [See Doc. 1 at 17].

Whether removal was proper, however, does not depend on the existence of Servpro of Marion. Instead, removal was improper if, upon remand, Plaintiff's service of the state summons in her state action will likely be deemed by the state court to have been sufficient identification of and service upon J.L. Kuder Enterprises d/b/a Servpro of McDowell and Rutherford Counties. If so, state law allows Plaintiff to amend her Complaint on remand to substitute the proper Servpro entity for the allegedly non-existing entity. The Court holds such service was sufficient and remand, therefore, is required.

North Carolina Rule of Civil Procedure 15(c) provides:

> (c) Relation back of amendments. – A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences,

> or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. R. Civ. P. 15(c). North Carolina appellate courts have applied this rule in contexts substantially similar – if not essentially identical – to the one at issue. In <u>Liss v. Seamark Foods</u>, 147 N.C. App. 281, 555 S.E.2d 365 (2001), the plaintiff suffered food poisoning as the result of the consumption of a jar of oysters he purchased from "Seamark Foods" store in Kitty Hawk, North Carolina. 147 N.C. App. at 282, 555 S.E.2d at 366. The plaintiff named "Seamark Foods" as the defendant in the summons and complaint, within the limitations period, served Tim Walters, the president of "Seamark Enterprises, Inc.," at a location where "Seamark Foods" conducts business. <u>Id</u>. at 282, 285, 555 S.E.2d at 366, 368. After the limitations period expired, "Seamark Enterprises, Inc.," filed multiple Rule 12 motions to dismiss. Thereafter, the plaintiff moved to amend the summons and complaint to name "Seamark Enterprises, Inc.," as defendant and for the amendment to relate back to the filing of the complaint under Rule 15(c). The trial court granted plaintiff's motion to amend, then granted "Seamark Enterprises, Inc.'s" motion to dismiss with prejudice. <u>Id</u>. at 282, 555 S.E.2d at 366-67. The North Carolina Court of Appeals reversed the trial court's decision, holding plaintiff's amendment to correct the name of the defendant entity related back to the original filing date and the amended complaint was,

therefore, not barred by the statute of limitations. Id. at 283, 555 S.E.2d at 367. In so holding, the appellate court emphasized that North Carolina's Rule 15(c) is modeled after New York Civil Practice Law and Rules Sec. 203(e).

> Under the law of New York, correction of a misnomer in a pleading is allowed even after the expiration of the statute of limitations provided certain elements are met. An amendment to correct a misnomer in the description of a party defendant may be granted after the expiration of the Statute of Limitations if (1) there is evidence that the intended defendant has in fact been properly served, and (2) the intended defendant would not be prejudiced by the amendment.

Liss, 147 N.C. App. at 286, 555 S.E.2d at 368-69. In Liss, there was evidence the intended defendant was properly served within the applicable limitations period and was not subject to any lack of notice of the claims plaintiff would be asserting against it but for the plaintiff's mistake. The court held "Seamark Enterprises, Inc.," "through its president, [ ] had notice of the action from the beginning and would suffer no prejudice as a result of the amendment." 147 N.C. App. at 286, 555 S.E.2d at 369.

The instant case is no different. J.L. Kuder Enterprises did business as Servpro of McDowell & Rutherford Counties at the times relevant to this matter. [See Ex. D to Complaint, Doc. 1-1 at 121]. John L. Kuder is the president of and registered agent for J.L. Kuder Enterprises. On November

30, 2016, the Plaintiff filed the original Complaint in the Superior Court of McDowell County, North Carolina, [See Complaint, Doc. 1-1 at 5], and Summons was issued. [Doc. 1-1 at 3]. The Complaint specifically alleges that John Kuder was the owner of "Servpro of Marion," [Complaint, Doc. 1-1 at ¶ 82]. It was Defendant Nationwide who referred to the local Servpro franchise as "Servpro of Marion." [Doc. 1 at ¶ 10]. In the Contract at issue, the franchisee identifies itself by the "Legal Name" of "Servpro of McDowell and Rutherford Counties." [Doc. 1-1 at 117]. It is, however, alleged and undisputed that "Servpro of McDowell and Rutherford Counties" is a trade name employed by J.L. Kuder Enterprises, Inc. On December 8, 2016, well within the sixty (60) days allowed for service under N.C. Rule of Civil Procedure 4(c), Mr. Kuder was served with a copy of the Summons and Complaint at the registered office for J.L. Kuder Enterprises. [Notice of Removal, Doc. 1 at 2-3; Summons, Doc. 1-1 at 3].

It is, therefore, undisputed that Mr. Kuder received the Complaint and was aware of all of the allegations and claims asserted against his company within the limitations period, even though the trade name of the company was not quite accurate. Had Plaintiff named "Servpro of McDowell & Rutherford Counties" or "J.L. Kuder Enterprises, Inc." as original defendants in this matter the principal therein would not have received notice any sooner.

Further, a motion filed on behalf of "Servpro of Marion" acknowledges that process running in the name of "Servpro of Marion" was issued,[5] [Doc. 14-1 at 5], and the Notice of Removal acknowledges that such summons, along with the Complaint, was served on John L. Kuder. [Doc. 1 at 2-3]. In short, under Liss, (1) there is direct evidence the intended defendant was properly served, and (2) the intended defendant would not be prejudiced by the amendment of the Complaint to substitute the proper defendant.

Because under state law Plaintiff's service on John Kuder was sufficient identification of and service upon J.L. Kuder Enterprises d/b/a Servpro of McDowell and Rutherford Counties, remand is required. Particularly since the confusion regarding the franchisee's correct name was caused by the Defendants – and particularly by the franchisee itself, and since the *pro se* Plaintiff has managed to allege all of the alternatively used names of the franchisee, it is hard to imagine that the state court would not allow the Plaintiff to amend her Complaint on remand to substitute J.L. Kuder Enterprises, Inc., d/b/a Servpro of McDowell & Rutherford Counties for "Servpro of Marion" as a defendant in this matter. See also Langley v. Baughman, 195 N.C. App. 123, 126, 670 S.E.2d 913, 915 (2009) (applying

---

[5] Though the Notice of Removal fails to include this part of the State court file. [See Doc. 1-1].

Liss to allow amendment to relate back where "defendant received notice of the original claim despite the error in his name"); Pierce v. Johnson, 154 N.C. App. 34, 571 S.E.2d 661 (2002) (applying Liss where the named defendant, unbeknownst to plaintiff, was deceased and service of summons and complaint was unintentionally effected on the individual who had been named the personal representative of his estate and was the proper defendant in the matter); Thorpe v. Wilson, 58 N.C. App. 292, 297, 293 S.E.2d 675, 679 (1982) ("If, as here, the effect of amendment is merely to correct the name of a person already in court, there is no prejudice. This is true even though the change relates back to the date of the original complaint."). Moreover, because Plaintiff's claims against this defendant relate back, Defendants' argument regarding the statute of limitations is inapplicable.[6]

---

[6] Defendants argue that, even if Plaintiff could otherwise establish the possibility of a claim against Servpro of Marion, any such claim would be barred by the Contract's one-year limitations period. [Doc. 1 at 14-17; see Ex. D to Complaint, Doc. 1-1 at 119, ¶ 7]. The issue of whether the Defendants acted to contractually shorten the limitations period is a question of substantive contract law and will be addressed by the state court on remand. It has no bearing on whether this Court has jurisdiction.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Remand [Doc. 20] is hereby **GRANTED** and this action is hereby **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, McDowell County.

**IT IS SO ORDERED.**

Signed: July 11, 2017

Martin Reidinger
United States District Judge